## City of Carlyle v. Fred Harms.

1. PRACTICE—*Proposition of Law—Can Not Be Raised by Stipulation.*—Propositions of law, to be reviewed by an appellate court in cases tried by a judge, must first be submitted to the judge and his rulings had upon them. They can not be raised in an appellate court for the first time, by a sweeping stipulation that " either party may have every advantage that he would have if propositions had been submitted and passed upon by the court."

**Suit for the Violation of an Ordinance.**—Trial in the Circuit Court of Clinton County; the Hon. TRUMAN E. AMES, Judge, presiding. Finding and judgment for defendant; error by plaintiff. Heard in this court at the August term, 1898. Affirmed. Opinion filed September 5, 1899.

PORTER W. BROWN, city attorney, for plaintiff in error; M. P. MURRAY, of counsel.

VAN HOOREBEKE & LOUDEN, attorneys for defendant in error; JAMES McHALE, of counsel.

MR. PRESIDING JUSTICE WORTHINGTON delivered the opinion of the court.

Suit for the violation of an ordinance.

Complaint charges that Fred Harms did, in the city of Carlyle, county of Clinton, and State of Illinois, on the 28th day of July, 1897, and from that date to August 7, 1897, unlawfully and without license, exercise and follow the calling and business of a peddler, itinerant merchant and transient vender of merchandise.

A jury was waived and the case tried by the judge. No propositions of law were submitted, the following stipulation being made :

" It is hereby stipulated by and between the plaintiff and the defendant, that in case an appeal is taken to the Appellate Court of the Fourth District of the State of Illinois, either party shall have every advantage that he would have if propositions of law had been submitted and passed upon by the court.

CITY OF CARLYLE,<br>By R. C. LAMBE,<br>City Attorney.

McHALE, VAN HOOREBEKE & LOUDEN,
Attorneys for Defendant."

The finding of the court was as follows :

" The court finds upon the evidence that the defendant did not violate any of the provisions of the ordinance and finds the defendant not guilty."

To this finding plaintiff in error excepted.

This is the only exception before the court for review, and the evidence is of such a character that we are not prepared to say that the court erred in its finding on the evidence alone. As no propositions of law were submitted, we can not say from the record upon what conclusions of law the court acted. Propositions of law, to be reviewed by an appellate court in cases tried by a judge, must first be submitted to the judge and his rulings had upon them. They can not be raised in an appellate court for the first

time, by a sweeping stipulation that "either party may have every advantage that he would have if propositions had been submitted and passed upon by the court." Judgment affirmed.